**GLOBUS, INC., et al., Plaintiffs,**

v.

**LAW RESEARCH SERVICE, INC. and Ellias C. Hoppenfeld, Defendants.**

**and**

**BLAIR & CO., Granbery, Marache, Incorporated, Defendant and Third-Party Plaintiff,**

v.

**Paul WIENER, Third-Party Defendant.**

**No. 65 Civ. 1694.**

United States District Court, S. D. New York.

Oct. 7, 1970.

---

**956**

———◆———

Mudge, Rose, Guthrie & Alexander, New York City, for Blair & Co., Granbery, Marache, Inc.; Milton Black, Thomas Esposito, New York City of counsel.

Julien, Glaser, Blitz & Schlesinger, New York City, for Law Research Service, Inc., and Ellias Hoppenfeld; Alfred S. Julien, New York City, of counsel.

FRANKEL, District Judge.

In this lawsuit, a prolific generator of nice questions, plaintiff purchasers of securities have recovered a judgment under the 1933 and 1934 Securities Acts, have been paid a reduced amount allowed by a modification on appeal, and have finally gone hence. There remains a dispute as to whether one defendant, Blair & Co., Granbery, Marache, Incorporated (Blair), having paid in full the amount of the judgment, may recover contribution from the two defendants— Law Research Service, Inc. (LRS), and Ellias C. Hoppenfeld—held jointly and severally liable with it. The underlying dispute and its outcome have been fully recounted in an opinion by Judge Mansfield, which held, *inter alia*, that there could be no award of indemnity to Blair, 287 F.Supp. 188 (S.D.N.Y.1968), and an opinion of the Court of Appeals, 2 Cir., 418 F.2d 1276 (1969), affirming on that and all other subjects except punitive damages, which it ruled unavailable under § 17(a) of the 1933 Securities Act, 15 U.S.C. § 77q(a), as well as under § 10 (b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).[1] For our post-satisfaction purposes, the introductory summary of the case from the latter opinion, at 1278–1280, is enough:

"The plaintiffs * * *, purchasers of the stock of * * * Law Research Services, Inc. * * *, initiated this action against LRS, its president Ellias C. Hoppenfeld, and the underwriter of LRS's public stock offer, Blair & Co. * * *. They contended that the [defendants] violated § 17(a) of the Securities Act of 1933, § 10(b) of the Securities Exchange Act of 1934, * * * and also committed common law fraud. The essence of their charge [was] that the offering circular prepared in connection with LRS's offer to sell 100,000 shares of its stock to the public under Regulation A of the Securities and Exchange Commission * * * was

I. Plaintiffs' petition for certiorari was denied, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970).

misleading since it prominently featured an attractive contract between LRS and the Sperry Rand Corp. (Sperry Rand) while failing to refer to a dispute between the two companies which had led Sperry Rand to terminate some of its services to LRS and in turn caused LRS to file suit against Sperry Rand. Moreover, the plaintiffs contended that Blair's actions violated § 12(2) of the 1933 Act * * *.

"Judge Mansfield presided over a ten-day trial of these claims, to a jury in the Southern District of New York. The jury returned a verdict in favor of Blair, LRS and Hoppenfeld on the common law fraud claim but also decided that all three had violated both the Securities Act of 1933 and the Securities Exchange Act of 1934. Accordingly, the jury awarded compensatory damages to all plaintiffs totaling $32,591.14 and punitive damages against Hoppenfeld in the amount of $26,812.06 and Blair in the amount of $13,000, based on the violation of § 17(a) of the 1933 Act.

"The jury was also called upon to deal with a cross-claim asserted by Blair against LRS, which rested on an indemnity clause included in the underwriting agreement, and against Hoppenfeld and a third-party defendant, Paul Wiener, Secretary-Treasurer of LRS, sounding in tort. At the same time, LRS and Hoppenfeld asserted a cross-claim against Blair, grounded on the same indemnity agreement. On all these cross-claims, the jury found for Blair.

"Blair and Hoppenfeld then moved unsuccessfully to have Judge Mansfield set aside the award of punitive damages. LRS, Hoppenfeld and Wiener, however, moved successfully to set aside the verdict on the cross-claims for indemnity and the entry of judgment, pursuant to Fed.R.Civ.P. 50(b). Judge Mansfield's careful and thorough opinion of July 19, 1968 is reported at 287 F.Supp. 188. In sum therefore, LRS, Hoppenfeld and Blair appeal[ed] from the award of damages to appellees and Blair appeal[ed] from the Judgment on the cross-claims and third-party action."

As has been mentioned, the judgment in its form following the appeal left Blair, LRS and Hoppenfeld jointly and severally liable to plaintiffs. The liability was for compensatory damages only. Blair, for reasons that are in part of interest now and are considered below, was held barred from recovering on its indemnity agreement with LRS. In substance and effect, while they argued before and continue to argue now about the degrees of their fault, they stood equally culpable and equally responsible.

 Nevertheless, Blair alone, on May 8, 1970, paid plaintiffs the full amount of the judgment, plus interest and costs, or a total of $36,888.59, reserving any rights it might have to contribution from the others. When LRS and Hoppenfeld refused to contribute, Blair brought on the motion now before the court seeking judgment against them for one-third each of the sum paid to plaintiffs. The motion will be granted for reasons which follow.

(1) Departing from the rugged flintiness of traditional common law, the general drift of the law today is toward the allowance of contribution among joint tortfeasors. See, e. g., Gomes v. Brodhurst, 394 F.2d 465 (3rd Cir. 1968); Huggins v. Graves, 337 F.2d 486 (6th Cir. 1964); Knell v. Feltman, 85 U.S. App.D.C. 22, 174 F.2d 662 (1949); Bedell v. Reagan, 159 Me. 292, 192 A.2d 24 (1963); Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23 (1956); Koenigs v. Travis, 246 Minn. 466, 75 N.W.2d 478 (1956); State Farm Mutual Automobile Ins. Co. v. Continental Cas. Co., 264 Wis. 493, 59 N.W.2d 425 (1953); Davis v. Broad St. Garage, 191 Tenn. 320, 232 S.W.2d 355 (1950); Quatray v. Wicker, 178 La. 289, 151 So. 208 (1933); Goldman v. Mitchell-Fletcher Co., 292 Pa. 354, 141 A. 231 (1928); N.Y. CPLR § 1401

(1964); N.J.Rev.Stat. § 2A:53A (1952); Pa.Stat.Ann. tit. 12 §§ 2082–2089 (1951); Md.Ann.Code art. 50, §§ 16–24 (1951). See generally, Prosser, Law of Torts, § 47 (3rd Ed. 1964); Comment, Contribution Among Joint Tortfeasors, 44 Tex.L.Rev. 326, 326 n. 5 (1965) (cataloguing 24 States which have enacted statutes allowing contribution).

(2) More specifically, the securities acts underlying this case point clearly to the result Blair seeks.[2] As Judge Doyle pointed out in the *de Haas* case, *supra* note 2 at 815–816,

> "those sections of the [securities acts] which expressly provide for civil liability contain express provisions for contribution among intentional wrongdoers. [Citing § 11 of the 1933 Act, 15 U.S.C. § 77k, and §§ 9 and 18 of the 1934 Act, 15 U.S.C. §§ 78i and 78r.] Since the specific liability provisions of the Act provide for contribution, it appears that contribution should be permitted when liability is implied under Section 10(b). III Loss, Securities Regulation 1739–40, n. 178 (1961)."

This is simply a pertinent application of the general principle that the two statutes are to be administered *in pari materia*. E. g., Globus v. Law Research Service, Inc., *supra*, 418 F.2d at 1286.

(3) The prior decisions of Judge Mansfield and the Court of Appeals denying Blair's claim to indemnity support Blair's position now. A central ground for the ruling on indemnity was the judgment that allowing such means of absolution would dilute the deterrent impact of the securities laws, which seek "to encourage diligence, investigation and compliance with the requirements of the statute by exposing issuers and underwriters to the substantial hazard of liability for compensatory damages." *Id.* at 1289. The shoe is now on the other foot. If not identical, the mode of escape sought by LRS and Hoppenfeld is objectionable on substantially similar grounds. They may not effectively nullify their "liability for compensatory damages" by leaving the whole of the burden to the more prompt and diligent party with which they have been cast in joint and several liability.

There is an argument by LRS and Hoppenfeld that Blair should be compelled to proceed by a plenary action, not by motion. The reason is said to be that a law firm and auditors involved in the offering that led to the lawsuit should be brought in because they must share the liability. The argument is frivolous. The law firm and auditors were never brought in when Blair sought indemnity from its two present opponents. The law firm and auditors are not liable under the judgment as joint tortfeasors.

Other contentions in opposition to the motion, still less weighty, have been considered and rejected.

Blair's motion is granted, The Clerk of the Court will enter judgments for Blair against LRS and Hoppenfeld, each in the amount of $12,296.19 (the shares as computed by Blair), plus interest from May 8, 1970.

It is so ordered.

---

2. There is no basis for doubting that the subject of contribution, like indemnity (as has been held in this case), is governed here by federal law. See, e. g., de Haas v. Empire Petroleum Company, 286 F. Supp. 809, 815–816 (D.Colo.1968).