HEIZER CORPORATION,
Plaintiff-Appellant,

v.

Jordon ROSS, Defendant-Appellee.

No. 78-2349.

United States Court of Appeals,
Seventh Circuit.

Argued May 21, 1979.

July 10, 1979.

Rehearing and Rehearing In Banc
Denied Sept. 13, 1979.

Allan Horwich, Chicago, Ill., for plaintiff-appellant.

N. A. Giambalvo, Chicago, Ill., for defendant-appellee.

Before SPRECHER, Circuit Judge, PECK, Senior Circuit Judge,* and WOOD, Circuit Judge.

SPRECHER, Circuit Judge.

The principal question in this appeal is whether the right of contribution is available from joint securities wrongdoers under Rule 10b–5 in a cause of action separately brought subsequent to the judgment creating the securities laws liability.

I

In a separate cause of action, two shareholders of International Digisonics Corporation (IDC), formed in 1969 to develop electronic monitoring of television commercials as a service for the advertising industry, brought a derivative claim against IDC and its dominant shareholder, Heizer Corporation (Heizer), alleging that Heizer had defrauded IDC in several securities transac-

* Senior Circuit Judge John W. Peck of the United States Court of Appeals for the Sixth Circuit is sitting by designation.

tions, whereby in exchange for lending IDC money Heizer received IDC notes, warrants and common stock. The action was brought under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 thereunder. The relief sought was equitable only, by way of injunction, rescission and reformation.

The district court cancelled the conversion feature of, and any price adjustment effected through, IDC's notes theretofore convertible to common stock, cancelled a pledge of shares in another corporation given by IDC to Heizer and enjoined Heizer from certain future activities in regard to IDC. *Wright v. Heizer Corp.*, 411 F.Supp. 23 (N.D.Ill.1975). Although modifying some details, the equitable relief granted by the district court was substantially affirmed by this court in 560 F.2d 236 (1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978).

A few months after the issuance of this court's opinion, Heizer brought a cause of action in the district court against Jordon Ross, the former president, chief executive officer and director of IDC and the owner or controller of over 40% of its outstanding common stock, seeking in two counts indemnification by Ross of Heizer and in two additional counts contribution by Ross to Heizer, of all (indemnification) or one-half (contribution) of the "diminution in the value of its investment" which Heizer allegedly suffered.

On May 22, 1978, the district court dismissed Heizer's complaint on the ground that the court lacked jurisdiction over "contribution or indemnification claims under § 10(b) or Regulation 10b–5, except when they arise as third party claims or cross-claims between defendants in an otherwise maintainable 10b–5 action."

Heizer filed a motion to reconsider, pointing out the three sections of the Securities Act of 1933 and Securities Exchange Act of 1934 which expressly provide for contribution, but on August 18, 1978, the district court denied reconsideration, adding that these sections do not "create any liability or duty within the meaning of the 1934 Act" and noting that Heizer "is attempting to sue Ross for the 'diminution in value of Heizer Corp. investment in I.D.C.' and not for any payment made by plaintiff."

Heizer has appealed the district court's orders of May 22 and August 18, 1978.

## II

Insofar as the lower court held that there is no separate right of action for contribution arising out of a Rule 10b–5 case, it was in error.

The availability of contribution in securities fraud cases is a matter of federal law and, where that availability is implied, a matter of federal common law. *Professional Beauty Supply, Inc. v. National Beauty Supply, Inc.*, 594 F.2d 1179, 1182 (8th Cir. 1979); Fischer, *Contribution in 10b–5 Actions*, 33 Bus. Lawyer 1821, 1827 (1978).

Contribution distributes the amount of damage sustained by the victim of a tort among the tortfeasors by requiring each to contribute proportionately to the total damages assessed. Indemnity shifts the entire loss from one tortfeasor to another who, by express or implied contract, is deemed responsible for making the full payment. 1 Dooley, Modern Tort Law § 26.01, at 538 (1977).

The common law rule is that contribution is not available from joint tortfeasors. Prosser, The Law of Torts § 50, at 305 (4th ed. 1971).[1] However, although neither Section 14(a) nor 10(b) of the Securities Exchange Act of 1934 by their terms create an express civil remedy for their violation, and there is no indication that Congress, or the Securities and Exchange Commission when adopting Rule 10b–5, contemplated such a remedy, the existence of an implied private

---

1. About one-half of the states have enacted statutes which permit contribution among joint tortfeasors or at least among non-intentional tortfeasors, and six or seven states have allowed contribution without legislation. 1 Doo-

ley, Modern Tort Law § 26.21, at 566–68 (1977), Corbett, *Apportionment of Damages and Contribution Among Co-conspirators in Antitrust Treble Damage Actions*, 31 Ford.L.Rev. 111, 113 (1962).

cause of action for violation of the statute and the rule is well established. *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964) (§ 14(a)); *Superintendent of Insurance v. Bankers Life & Casualty Co.*, 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971) (§ 10(b)); *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 150–54, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972) (§ 10(b)). *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975) (§ 10(b)); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196–97, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (§ 10(b)).

Once it has been established that private remedies may be implied under the securities laws, "a 'more equal distribution of justice' can best be achieved by ameliorating the common-law rule against contribution which permits a plaintiff to force one of two wrongdoers to bear the entire loss, though the other may have been equally or more to blame." *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106, 111, 94 S.Ct. 2174, 2177, 40 L.Ed.2d 694 (1974).[2]

This result is buttressed by the fact that of the seven express civil remedies provided in the Securities Act of 1933[3] and the Securities Exchange Act of 1934,[4] three of those provide expressly for contribution.[5] This indicates that when it occurred to Congress to do so, it expressed its desire that contribution be available among joint securities tortfeasors. Inasmuch as three specific liability provisions include the remedy of contribution, that ancillary remedy should be implied when the remedy itself has been implied as under Section 10(b) of the 1934 Act and Rule 10b–5.

"The existence of a statutory right implies the existence of all necessary and appropriate remedies." *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 239, 90 S.Ct. 400, 405, 24 L.Ed.2d 386 (1969). "[T]he power to make the right of any recovery effective implies the power to utilize any of the procedures or actions normally available to the litigant according to the exigencies of the particular case." *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 288, 61 S.Ct. 229, 233, 85 L.Ed. 189 (1940).

The policy underlying the securities laws is reinforced by applying contribution. By apportioning the loss among joint wrongdoers the deterrent effect of the judgment is felt by all culpable parties and the protected investor class has available to it a broader source of reimbursement.

In *Wassel v. Eglowsky*, 399 F.Supp. 1330 (D.Md.1975), aff'd, 542 F.2d 1235 (4th Cir. 1976), where recovery was based on Section 12(2) of the Securities Act of 1933, which contains an express civil remedy but does not provide for contribution, the district court implied relief by way of contribution and the Fourth Circuit affirmed by adopting the lower court's opinion.

Many courts have held that there is an implied right of action for contribution arising out of Rule 10b–5 and out of other implied remedy sections of the 1933 and 1934 securities acts. *de Haas v. Empire Petroleum Co.*, 286 F.Supp. 809 (D.Colo. 1968), aff'd in part, rev'd in part on other grounds, 435 F.2d 1223 (10th Cir. 1970) (Rule 10b–5); *Globus, Inc. v. Law Research Service, Inc.*, 318 F.Supp. 955 (S.D.N.Y. 1970), aff'd, 442 F.2d 1346 (2nd Cir.), cert. denied, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 (1971) (§ 17(a) of 1933 Act and Rule 10b–5); *Altman v. Liberty Equities Corp.*, 54 F.R.D. 620 (S.D.N.Y.1972) (Rule 10b–5); *Getter v. R. G. Dickinson & Co.*, 366 F.Supp. 559 (S.D.Iowa 1973)(§§ 12(2) and

**2.** *Cooper* is an admiralty case: "Even though the common law of torts rejected a right of contribution among joint tortfeasors, the principle of division of damages in admiralty has, over the years, been liberally extended by this Court in directions deemed just and proper." 417 U.S. at 110, 94 S.Ct. at 2176.

**3.** §§ 11, 12 and 15, 15 U.S.C. §§ 77k, 77*l* and 77*o*.

**4.** §§ 9, 16, 18 and 20, 15 U.S.C. §§ 78i, 78p, 78r and 78t.

**5.** 1933 Act, § 11(f), 15 U.S.C. § 77k(f); 1934 Act, § 9(e), 15 U.S.C. § 78i(e) and § 18(b), 15 U.S.C. § 78r(b).

17(a) of 1933 Act, § 15(c)(1) of 1934 Act and Rule 10b–5); *Liggett & Myers Inc. v. Bloomfield*, 380 F.Supp. 1044 (S.D.N.Y.1974) (Rule 10b–5); *Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co.*, 385 F.Supp. 230 (S.D.N.Y.1974) (Rule 10b–5 and other securities sections); *Gould v. American-Hawaiian Steamship Co.*, 387 F.Supp. 163 (D.Del.1974), *vacated on other grounds*, 535 F.2d 761 (3rd Cir. 1976) (§ 14(a)); *Odette v. Shearson, Hammill & Co., Inc.*, 394 F.Supp. 946 (S.D.N.Y.1975) (Rule 10b–5 and other securities sections; *McLean v. Alexander*, 449 F.Supp. 1251 (D.Del.1978) (Rule 10b–5). *See also Kuehnert v. Texatar Co.*, 412 F.2d 700, 705 n. 7 (5th Cir. 1969).

In *Madigan, Inc. v. Goodman*, 498 F.2d 233 (7th Cir. 1974), we reversed what was in effect a summary judgment for the defendants on the ground that "it denies plaintiffs the opportunity to prove their right to indemnity or contribution" in connection with their potential exposure to liability in a separately filed action based on the Securities Exchange Act of 1934. 498 F.2d at 237, 240. We added that "[i]f the Madigan Group plaintiffs are too culpable to be entitled to indemnification, they may nonetheless be entitled to contribution," citing *de Haas, supra,* and *Globus, supra.*[6]

In holding that an implied right of contribution may be enforced among joint tortfeasors in an *antitrust* action, the Eighth Circuit noted that in *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 138–39, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968), the Supreme Court emphasized that

the public interest and statutory aim of deterring antitrust violations and enforcing the antitrust laws are of paramount importance. *Professional Beauty Supply, Inc. v. National Beauty Supply, Inc.*, 594 F.2d 1179, 1186 (8th Cir. 1979). Likewise both the Supreme Court and Congress "have emphasized the importance of . . . [securities legislation] in protecting investors from fraudulent practices in the sale of securities . . . ." *United States v. Naftalin*, —— U.S. ——, ——, 99 S.Ct. 2077, 2082, 60 L.Ed.2d 624 (1979).[7]

In *Professional Beauty Supply*, the Eighth Circuit noted at 1185–86:

The deciding factor in our decision is fairness between the parties. We conclude that fairness requires that the right of contribution exist among joint tortfeasors at least under certain circumstances. There is an obvious lack of sense and justice in a rule which permits the entire burden of restitution of a loss for which two parties are responsible to be placed upon one alone because of the plaintiff's whim or spite, or his collusion with the other wrongdoer.

The defendant has sought to distinguish the many cases finding an implied remedy of contribution by noting that they involved a cross-claim, counterclaim or third-party claim rather than arising from an independent cause of action, as here.

Third-party practice as provided for in Fed.R.Civ.P. 14 is procedural. It neither creates, abridges, enlarges nor modifies substantive rights. 3 Moore's Fed.Prac., ¶ 14.-

---

**6.** In determining whether a private remedy is implicit in a statute not expressly providing one, four factors are relevant: (1) is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a federal right in favor of the plaintiff? (2) Is there any indication of legislative intent, explicit or implicit, either to create a remedy or to deny one? (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? and (4) Is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law? *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

It is unnecessary to apply the four *Cort* tests to this implication of a remedy inasmuch as they have successfully been applied in order to imply a civil remedy under Rule 10b–5 in the first place. Contribution is ancillary to that remedy and it serves the same policy.

**7.** In the *Naftalin* case, where the Court held that the Securities Act of 1933 prohibits frauds against brokers as well as investors, the unanimous Court noted that "[w]hile investor protection was a constant preoccupation of the legislators, the record is also replete with references to the desire to protect ethical businessmen." —— U.S. at ——, 99 S.Ct. at 2083.

03[1]. Therefore when the remedy of contribution has been implied in cases where a third-party complaint has been filed, it is a substantive right not dependent upon the particular procedure involved.

Further both indemnity[8] and contribution[9] have historically been available by cross-claim or cross-complaint, by counter claim, by third-party complaint, or by a separate, independent action, without any differentiation in the substantive right. A Restatement of Torts Comment states that "a separate action for contribution is also available, particularly against a tortfeasor who was not a party to the original action. . . ."[10]

■ Therefore, we conclude that contribution is available in a Rule 10b–5 situation although sought by separate suit.

### III

The district court was correct in dismissing the two counts seeking indemnification.

■ Whereas contribution supports the policy of securities legislation, indemnification tends to frustrate and defeat it. A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party. If indemnification were allowed, those found liable for the breach of a statutory obligation might escape liability as effectively as if contribution were denied. *Professional Beauty Supply, Inc. v. National Beauty Supply, Inc.*, 594 F.2d at 1186.

This is particularly true after *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), holding that a private cause of action will not lie under § 10(b) and Rule 10b–5 in the absence of "scienter," defined as a mental state embracing intent to deceive, manipulate, or defraud. In order to be found liable under Rule 10b–5, one must be found to have scienter or intent to defraud and such a

person should not get off scot-free through indemnification. In *South Side Bank & Trust Co. v. Walston & Co.*, 425 F.2d 40, 43 (7th Cir. 1970), we affirmed the denial of indemnity in a 10b–5 case where "[e]ach party was guilty of equal and active negligence."

Many courts confronted with the question have held that although contribution is available in securities cases, indemnification is not. *Globus, Inc. v. Law Research Service, Inc., supra; Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co., supra; Gould v. American-Hawaiian Steamship Co., supra; Odette v. Shearson, Hammill & Co., supra; Wassel v. Eglowsky, supra; McLean v. Alexander, supra.*

This result is merely an extension of the general application of principles of indemnification. American Law Institute, Restatement of Restitution, § 88 (1937) provides in part:

> A person who has discharged a tort claim to which he and another were subject . . . is barred from restitution if his tort involved seriously wrongful conduct.

The comment to this section adds that "a person is guilty of seriously wrongful conduct if he acts in reckless disregard of the interests of others . . . ."

In the present case, Heizer's omissions were "at least reckless." *Wright v. Heizer*, 560 F.2d 236, 251 (7th Cir. 1977). This was sufficient to hold *Heizer* liable under Seventh Circuit interpretations of *Hochfelder* scienter. *Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033 (7th Cir. 1977); *Sanders v. John Nuveen & Co.*, 554 F.2d 790 (7th Cir. 1977). Ross, the defendant here, but not named as a defendant in the *Wright* case, was apparently involved in the omissions to disclose. *Wright v. Heizer, supra*, at 247. Under these circumstances, he would be subject to a proper suit for contribution, but not one for indemnification, due to the reckless conduct of *Heizer*.

---

8. 1 Dooley, Modern Tort Law § 26.03, at 540 (1977).

9. *Id.*, § 26.34, at 577.

10. American Law Institute, Restatement of Torts (Second), § 886A(2) (1979). *See also* Contribution Under the Federal Securities Laws, [1975] Wash.U.L.Q. 1256, 1259, 1283 (1975).

Finally, although three sections of the 1933 and 1934 securities acts contain express contribution provisions showing Congressional favor of the remedy, those acts do not provide anywhere for indemnification under any circumstances. *See* Ruder, *Multiple Defendants in Securities Law Fraud Cases*, 120 U.Pa.L.Rev. 597, 646–64 (1972).

## IV

Despite the fact that contribution is available in appropriate cases, *Heizer* has not stated a claim for relief based upon contribution in the present case.

Both contribution counts of the complaint pray for judgment against Ross "for damages in the amount of one-half of the diminution in value of Heizer Corporation's investment in IDC, plus one-half of the value of the loss to Heizer Corporation resulting from any and all other loss sustained by Heizer Corporation in or as a result of Wright, or for conveyance by Ross to Heizer Corporation of shares of IDC owned by Ross in sufficient number to compensate Heizer Corporation for the equivalent of such damages."

American Law Institute, Restatement of Torts (Second), § 886A(2) (1979) provides in part (italics added):

> The right of contribution exists only in favor of a tortfeasor who has discharged the entire claim for harm *by paying* more than his equitable share of the common liability, and is limited to the amount *paid by him* in excess of his share.

The three express contribution sections of the 1933 and 1934 acts provide as follows (italics added):

1933 Act, Section 11(f), 15 U.S.C. § 77k(f):

> [E]very person who becomes liable *to make any payment* under this section may recover contribution as in cases of contract from any person who, if sued separately, would have been liable *to make the same payment*, unless the person who has become liable was, and the other was not, guilty of fraudulent misrepresentation.

1934 Act, Section 9(e), 15 U.S.C. § 78i:

> Every person who becomes liable *to make any payment* under this subsection may recover contribution as in cases of contract from any person who, if joined in the original suit, would have been liable *to make the same payment.*

1934 Act, Section 18(b), 15 U.S.C. § 78r:

> Every person who becomes liable *to make payment* under this section may recover contribution as in cases of contract from any person who, if joined in the original suit, would have been liable *to make the same payment.*

Looking at Sections 11, 9 and 18 in the context of *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736, 95 S.Ct. 1917, 1925–1926, 44 L.Ed.2d 539 (1975), the Supreme Court said:

> It would indeed be anomalous to impute to Congress an intention to expand the plaintiff class for a judicially implied cause of action beyond the bounds it delineated for comparable express causes of action.

The complaint does not allege that Heizer has "made payment" of any sum of money and at oral argument Heizer's counsel stated that it may in the future be required to pay some amount for attorneys' fees for the *Wright* case plaintiffs but that no payment had yet been made or assessed.

The words "paid" or "payment" require the delivery of cash under most circumstances. In *Don E. Williams Co. v. Commissioner*, 429 U.S. 569, 97 S.Ct. 850, 51 L.Ed.2d 48 (1977), the Court construed the words "paid" or "payment" or "makes payment" in the Internal Revenue Code to require delivery or paying out of cash or its equivalent, and that delivery of a promissory note is not payment. A similarly strict view of contribution as applied in admiralty holds that "all that a joint tortfeasor . . . can recover is what it is actually out of pocket." The *William C. Atwater*, 110 F.2d 644, 647 (2nd Cir. 1940).

Therefore we cannot say that the district court was clearly erroneous when it held that Heizer has not yet been required to

make payment. However, it was error not to dismiss the complaint without prejudice since some payment may conceivably be made in the future:[11]

The orders of May 22 and August 18, 1978 are vacated and the cause remanded with instruction to dismiss the complaint without prejudice for failure to state a claim upon which relief can be granted.[12]

VACATED AND REMANDED.

11. The defendant's counterclaim and third party complaint were dismissed without prejudice on September 18, 1978 by the district court.

12. We have considered this opinion in light of *Touche Ross & Co. v. Redington*, —— U.S. ——, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) (there is no implied private cause of action under § 17(a)). Since this action is based on § 10(b) and Rule 10b–5, and not on § 17(a), our decision is not affected by *Touche Ross*.