Aubrey L. STOWELL et al., Plaintiffs,

Terry Beye, Plaintiff-Appellee,

v.

TED S. FINKEL INVESTMENT SERVICES, INC., et al., Defendants,

Stanley H. Beck, Defendant-Appellant.

No. 79-4045.

United States Court of Appeals, Fifth Circuit. Unit B

April 2, 1981.

Rehearing and Rehearing En Banc Denied May 26, 1981.

Stanley H. Beck, pro se.

Shackleford, Farrior, Stallings & Evans, John I. Van Voris, Tampa, Fla., for Beye.

* District Judge of the Northern District of Alabama, sitting by designation.

1. We dismissed Beck's appeal for failure to obtain a Rule 54(b) certification. Following an order of certification by the lower court, on appellant's motion for reconsideration the appeal was reinstated.

Before FAY and HATCHETT, Circuit Judges, and GROOMS *, District Judge.

GROOMS, District Judge.

This is an appeal [1] from an order of the District Court of the Southern District of Florida dismissing appellant Beck's second amended counterclaim for failure to state a cause of action. We AFFIRM.

Appellee Beye is one of the plaintiffs in the case in chief and Beck is one of the defendants. The plaintiffs sued Beck and the other defendants for violations of the federal and state securities laws.[2] A cross-claim was filed by certain of the defendants against Beck, alleging active negligence by him. Beck then brought counterclaims against Beye for damages for fraudulent misrepresentation, indemnification, and contribution in the event that Beck is found liable to the plaintiffs or other defendants. The counterclaims here in question represent Beck's third attempt to frame a sufficient claim for relief.

It is Beck's position that prior to the investment made by plaintiffs that Beye represented in writing that he had sufficient financial expertise, knowledge and experience in tax and business matters to act as the Offeree's Representative for himself and the other plaintiffs. The essence of Beck's theory of Beye's liability is set forth in paragraph 14 of his second amended counterclaim, that:

Had plaintiff, Terry Beye, properly performed his duty as the plaintiffs' Offeree Representative, the plaintiffs would not have purchased limited partnership interests from the partnership. In excess of $700,000 in tax losses would not have been generated to purchasers having little or no taxable income. This action would never have been brought against defendant, Beck.

2. It is charged that the defendants, including Beck, violated the securities laws in connection with the sale of a tax shelter for the year 1976 for which the plaintiffs paid $203,000 and that Beck participated in the effort to sell the shelter, by drafting the tax opinion included in the offering circular and by preparing the circular itself.

On appeal Beck has failed to demonstrate any legal basis under which Beye could be liable to him.

First, Beck attempts to state a cause of action for common-law fraud or misrepresentation against Beye. The essential elements necessary under Florida law to establish such a claim are:

a false statement of fact, (2) known by the defendant to be false at the time it was made, and (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representations; and (5) resulting damage to the plaintiff. [cites omitted]

*Community Bank, Lake Oswego, Oregon v. Bank of Hallandale and Trust Company*, 482 F.2d 1124, 1127 (5th Cir. 1973).

Beck has failed to show how the alleged misrepresentations were material or how he relied upon them to his detriment. The letter attached to the second amended counterclaim as an exhibit shows on its face that any representations were made not to Beck but. to defendant Finkel. Assuming that Beck did rely on the truthfulness of all statements in the letter, there is no causal relation between that information and the acts of Beck for which he is being sued.

Beck seeks indemnity but fails to show the existence of any express or implied contract for indemnity or any duty imposed by law giving rise to a basis for indemnity. He does not show what duty Beye owed him, how it was breached, and most importantly, how a breach of the duty injured him. Even if Beye did breach some duty, it was a duty owed to the plaintiffs and not to Beck. Moreover, Beye's alleged failure to perform his duty as Offeree's Representative is simply not related to the acts for which Beck is being sued—fraud and failure to register under applicable securities laws.

Furthermore, it may be noted that indemnification tends to frustrate the policy of securities legislation. "A securities wrongdoer should not be permitted to escape loss by shifting his entire responsibility to another party." *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir. 1979). The 1933 and 1934 Securities Acts "do not provide anywhere for indemnification under any circumstances." Id. 335.

Beck also seeks contribution in the event he is found liable. Contribution is available from joint securities tortfeasors under the federal securities laws for securities violations, *Heizer, supra*, and *Odette v. Shearson, Hammill & Co., Inc.*, 394 F.Supp. 946, 958 (S.D.N.Y.1975). Three sections of the Securities Acts so provide. 1933 Act § 11(f), 15 U.S.C.A. 77k(f), 1934 Act §§ 9(e) and 18(b), 15 U.S.C.A. § 78i(e) and 78r(b). However, under the facts alleged by Beck it is clear that Beye was not a joint securities act wrongdoer with Beck in Beck's alleged violations of the securities laws. It is not even suggested that Beye violated any securities law. Beye's alleged negligence, if any, had no causal connection with Beck's alleged violations, and occurred subsequent in time.

At common law as a general rule contribution exists only in favor of one who has discharged a common liability or burden. 18 C. J. S. *Contribution* § 1 page 2, and generally there is no contribution between joint tortfeasors, *Hoffman v. Jones*, (Fla.1973) 280 So.2d 431, and *Travelers Insurance Co. v. Ballinger*, (Fla.App.1975) 312 So.2d 249.[3] Insofar as contribution is allowable under the exceptions, the right exists only where both parties are at fault and are under a common liability and where one has violated a duty which he owes to the other, 18 C. J. S. *Contribution* § 3 page 6, and *Fidelity & Casualty Co. of N. Y. v. T. P. Herndon & Co.*, 196 So.2d 196 (Fla.App. 1966), and is allowable only where the party

---

**3.** In brief appellant makes no mention of the Florida Uniform Contribution Among Tortfeasors Act, Fla.St.1975, § 768.31. By virtue of some mention of the statute in the record appellee adverts to the statute as being without application because by its terms it does not apply in favor of one who intentionally causes or contributed to the injury. In reply appellant does not challenge that construction as applied to this case.

seeking contribution has made payment of the obligation in question, *Lopez v. Lopez*, 90 So.2d 456 (Fla.1956).

For the reasons set out above, Beck has failed to disclose any legal basis upon which he is entitled to recover from Beye. The dismissal of his last amended counterclaim is therefore AFFIRMED.