Harvey GOLDBERG, on behalf of himself and on behalf of all others similarly situated, Plaintiffs,

v.

TOUCHE ROSS & CO., et al., Defendants.

May SCHOENFELD, et al., Plaintiffs,

v.

GIANT STORES CORPORATION, et al., Defendants.

No. 74 Civ. 1483 (CMM).

United States District Court, S. D. New York.

Jan. 25, 1982.

nized as a valid response to a seller's breach of contract. *Machen v. Yost*, 54 App.D.C. 261, 296 F. 1008 (1924).

Shea & Gould, New York City, for defendant Touche Ross & Co.; Richard L. Spinogatti, Robert J. Ward, New York City, of counsel.

Greenfield & Chimicles, Richard D. Greenfield, Bala Cynwyd, Pa., for defendant Jack Shapiro; Nicholas E. Chimicles, Donald B. Lewis, Bala Cynwyd, Pa., of counsel.

METZNER, District Judge:

In this consolidated class action, defendant Touche Ross & Co. (Touche Ross), as assignee of the claims in the *Goldberg* action, moves for summary judgment against defendants Theodor H. Kaufman, Benjamin Lieberman and Jack Shapiro, pursuant to Fed.R.Civ.P. 56.

Kaufman has filed an affidavit stating that he no longer desires to contest the action. Lieberman has defaulted in answering the motion. Consequently, this opinion will deal solely with Shapiro.

The litigation arises out of allegedly fraudulent financial statements issued by Giant Stores Corp. (Giant) for Giant's fiscal years 1971 (FY 1971) and 1972 (FY 1972). Shapiro was an officer and director of Giant. Touche Ross, as Giant's auditor, certified the FY 1971 and FY 1972 financial statements. On August 17, 1973, Giant filed a petition for arrangement pursuant to Chapter XI of the Bankruptcy Act.

An SEC investigation into Giant's affairs culminated in the indictment of Shapiro, along with others, for fraud in the sale of securities, filing false financial statements with the SEC and two banks, and for conspiracy. Shapiro was convicted on all fourteen counts after a nonjury trial. *United States v. Lieberman, et al.*, Criminal No. 77–135 (D.Mass.1978), *aff'd*, 608 F.2d 889 (1st Cir. 1979), *cert. denied*, 444 U.S. 1019, 100 S.Ct. 673, 62 L.Ed.2d 649 (1980) (hereinafter cited as *United States v. Lieberman*).

On August 20, 1973, the *Schoenfeld* action was commenced alleging violations of section 11 of the Securities Act of 1933 (15 U.S.C. § 77k). The action sought to recover losses sustained in the purchases of Giant common stock in an August 1972 offering. Touche Ross and Shapiro were among those named as defendants.

The *Goldberg* action was instituted on April 3, 1974, alleging violations of section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)). Touche Ross and Shapiro were again among those named as defendants. The action sought damages allegedly sustained in the purchase of Giant stock between April 16, 1971 and May 23, 1973. April 16, 1971 is the date of the publication of the FY 1971 financial statement. May 23, 1973 is the date Touche Ross withdrew its certification of the FY 1972 financial statement.

On March 31, 1975, the *Goldberg* action and the *Schoenfeld* action were certified as class actions and consolidated for all purposes.

On May 24, 1979, this court approved the settlement of the *Goldberg* and *Schoenfeld* claims against the underwriters, Touche Ross, and certain of Giant's officers and directors for a total of $4,750,000. Touche Ross agreed to pay $2,950,000 of this amount. As part of the consideration for the settlement, Touche Ross received an assignment of the plaintiffs' claims in both actions against the remaining individual defendants upon which it seeks recovery of the $2,950,000.

On this motion Touche Ross contends that the convictions in *United States v. Lieberman* conclusively establish Shapiro's liability.

Shapiro argues (1) that Touche Ross cannot "by a legal back door" procedure obtain indemnity from another defendant since indemnity between joint tortfeasors is not available under the federal securities laws; (2) that a genuine issue of fact exists as to whether Shapiro's actions caused plaintiffs' damages, since the court in *United States v. Lieberman* found that Shapiro acted "only at the periphery" of the conspiracy; (3) that the issue of plaintiffs' reliance on the misrepresentations here in question was not addressed in *United States v. Lieberman*, and thus that a genuine issue of fact re-

mains as to this element; (4) that a genuine issue of fact exists as to the amount of damages suffered by the *Goldberg* plaintiffs.

Touche Ross counters with the argument that there is no finding that it violated the security laws and that the stipulation of settlement contains an express denial of any such liability.

There is strong public policy against permitting indemnity in security fraud cases. *Globus v. Law Research Service, Inc.*, 418 F.2d 1276 (2d Cir. 1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970); *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir. 1979). This policy requires a close examination of what is happening here. Touche Ross paid $2,950,000 to settle the claims asserted against it in the *Goldberg* and *Schoenfeld* cases. $2,225,000 was paid in the *Goldberg* case and $700,000 was paid in the *Schoenfeld* case.[1] It obtained an assignment of both *Goldberg* and *Schoenfeld* claims against Shapiro.

After Touche Ross obtained the assignment of plaintiffs' claims in *Goldberg* and *Schoenfeld*, it proceeded to enforce those claims against the remaining defendants.

First, it obtained from the Clerk of the court a certificate of the defaults in appearance by Silverstein and Miller in the *Goldberg* action. Silverstein and Miller were not named as defendants in the *Schoenfeld* action. Application was then made for default judgments against Silverstein and Miller in the sum of $2,225,000. The affidavit submitted by Touche Ross in conjunction with that application stated that this was the amount it paid to settle plaintiffs' claims in the *Goldberg* action. Thus, indemnification was really being sought against those two defendants.

Touche Ross now seeks to recover in the *Goldberg* action under the 10b–5 claim the $2,950,000 it paid to settle both actions in which Shapiro was named as a defendant. This is an interesting ploy to avoid labeling the claim as one for indemnity, since its

share of the settlement in the *Goldberg* case amounted to only $2,225,000.

Under the circumstances, I would hold that the action is not maintainable by Touche Ross. The court cannot blind itself to the practicalities presented. Touche Ross seeks to come out unscathed in an action in which the claim is that "Touche Ross knew or was on notice of or recklessly disregarded facts" which resulted in a violation of Rule 10b–5. Paying $2,950,000 cannot be considered a modest sum just to buy its peace. Nor can the court realistically believe that Touche Ross paid the amount it did because it was interested in buying up class action security fraud cases to make money from their prosecution.

In cases such as these, Touche Ross may not be entirely remediless. It may be entitled to seek contribution from nonsettling defendants. *Heizer Corp. v. Ross*, 601 F.2d 330 (7th Cir. 1979); *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 378 F.Supp. 112, 135 (S.D.N.Y.1974); *Alexander & Baldwin, Inc. v. Peat, Marwick, Mitchell & Co.*, 385 F.Supp. 230, 237–39 (S.D.N.Y. 1974); *Globus, Inc. v. Law Research Service, Inc.*, 318 F.Supp. 955 (S.D.N.Y.1970), *aff'd*, 442 F.2d 1346 (2d Cir.), *cert. denied*, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 (1971); *cf. Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 91, n.24, 101 S.Ct. 1571, 1580, n.24, 67 L.Ed.2d 750 (1981). If Touche Ross is so advised, the court is willing to entertain such a request in this litigation which is now eight years old, and should be wound up without institution of new cases.

Motion denied.

So ordered.

---

1. Spinogatti affidavit, p. 4, dated July 8, 1981, filed in connection with the request for default

judgments against Silverstein and Miller.