**John H. NOONAN, et al., Plaintiffs,**

v.

**Edward GRANVILLE–SMITH, Jr., et al., Defendants.**

**TRUBIN SILLCOCKS EDELMAN & KNAPP, et al., Defendants and Third-Party Plaintiffs,**

v.

**DANZANSKY DICKEY TYDINGS QUINT & GORDON, et al., Third-Party Defendants.**

**Daniel SPIEGEL, et al., Plaintiffs,**

v.

**TRUBIN SILLCOCKS EDELMAN & KNAPP, Defendants and Third-Party Plaintiffs,**

v.

**Edward GRANVILLE–SMITH, Jr., et al. Third-Party Defendants.**

Nos. 81 Civ. 1341, 80 Civ. 7370.

United States District Court, S. D. New York.

March 1, 1982.

---

Cole & Deitz by Robert E. Kushner, Robert D. Lang, David E. Wolff, New York City, for third-party plaintiffs.

Kramer, Levin, Nessen, Kamin & Soll by Maurice N. Nessen, Alan R. Friedman, New York City, for third-party defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

In the complex litigation embracing these two related cases, plaintiffs make a wide variety of Rule 10b–5 allegations against various defendants for fraud alleged to have been committed in the sale of limited partnership interests in the now insolvent Maidsville Coal Mining Partnership. Among the defendants in each case is a law firm claimed to have represented the sellers of the limited partnership interests. That firm has served third-party complaints seeking to obtain contribution from another law firm claimed to have participated in such representation. Before us are motions to dismiss the third-party complaints in each action on the ground that Rule 10b–5 cannot, as a matter of law, give rise to a claim for contribution. For reasons that follow, we deny the motions.

The third-party defendants, recognizing that *Globus, Inc. v. Law Research Service, Inc.* (S.D.N.Y.1970) 318 F.Supp. 955, *aff'd on opinion below*, (2d Cir. 1970) 442 F.2d 1346, *cert. denied* (1971) 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 ("*Globus II*") and *Tucker v. Arthur Andersen & Co.* (2d Cir. 1981) 646 F.2d 721, specifically hold that a claim for contribution can be sustained under Rule 10b–5, invite us to conclude that the Court of Appeals would now overrule these decisions in light of the subsequent Supreme Court decisions in *Texas Industries, Inc. v. Radcliff Materials, Inc.* (1981) 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500, and *Northwest Airlines, Inc. v. Transport Workers Union* (1981) 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750. We decline the invitation.

*Globus II* and *Tucker* were careful pronouncements of policy which obtained the approval of three presently active (Kaufman, Newman and Kearse) and two presently senior (Moore and Timbers) Judges for the Court of Appeals. We see no reason for believing that that Court would now abandon this policy unless constrained to do so by higher authority. Nor do we find any such constraint in the cases cited by third-party defendants.

In the first place, in each of the cases upon which third-party defendants rely, the Supreme Court specifically left open the question of *Globus II*'s continued viability. *Texas Industries*, 101 S.Ct. at 2066, n.11; *Northwest Airlines*, 101 S.Ct. at 1580, n.24. Our Court of Appeals could therefore hardly be criticized for answering that question in light of its own precedents. Secondly, in each of these cases, the Court stressed that it was dealing with a specifically created statutory remedy, and reasoned that it would be inappropriate for the Judiciary to tinker with the contours of the remedy provided by Congress. *Texas Industries*, 101 S.Ct. at 2069–70; *Northwest Airlines*, 101 S.Ct. at 1581–82. Here, on the other hand, we are dealing with "a private cause of action which has been judicially found to exist, and which will have to be judicially delimited one way or another...." *Blue Chip Stamps v. Manor Drug Stores* (1975) 421 U.S. 723, 749, 95 S.Ct. 1917, 1931–32, 44 L.Ed.2d 539. We find nothing in the cases cited by third-party defendants that could possibly be construed as establishing the particular criteria by which this remedy should be "judicially determined."

Third-party defendants' motions to dismiss the claims against them are accordingly denied.

SO ORDERED.