John H. NOONAN, et al., Plaintiffs,

v.

Edward GRANVILLE–SMITH, Jr., et al., Defendants.

TRUBIN SILLCOCKS EDELMAN & KNAPP, et al., Defendants and Third-Party Plaintiffs,

v.

DANZANSKY DICKEY TYDINGS QUINT & GORDON, et al., Third Party Defendants.

Daniel SPIEGEL, et al., Plaintiffs,

v.

TRUBIN SILLCOCKS EDELMAN & KNAPP, Defendants and Third-Party Plaintiffs,

v.

Edward GRANVILLE–SMITH, Jr., et al., Third Party Defendants.

Nos. 81 Civ. 1341, 80 Civ. 7370.

United States District Court, S. D. New York.

April 7, 1982.

334

Cole & Deitz, New York City, for third-party plaintiffs.

Kramer, Levin, Nessen, Kamin & Soll, New York City, for third-party defendants.

WHITMAN KNAPP, District Judge.

Third-party defendants Danzansky, Dickey, Tydings, Quint & Gordon, Finley, Kumble, Wagner, Heine, Underberg & Casey and Bernard Gordon ("Danzansky Dickey") move for an order pursuant to 28 U.S.C. § 1292(b) certifying for appeal the following questions of law:

1. Whether, in light of the changed criteria established by the Supreme Court in *Texas Industries, Inc. v. Radcliffe Materials, Inc.* (1981) 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500, and *Northwest Airlines, Inc. v. Transport Workers Union of America* (1981) 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750, a private right of action for contribution may be implied under Section 10(b) of the Securities Exchange Act of 1934; and

2. Whether, in the absence of a jurisdiction-granting federal claim for contribution, this Court lacks ancillary jurisdiction over any third-party claims for contribution based on pendent state law claims between plaintiffs and defendant-third-party plaintiff; or, in the alternative, should exercise its discretion not to hear such ancillary state law claims.

We addressed the first of these questions in our Memorandum and Order of March 1, 1982, 532 F.Supp. 1007, and concluded that a claim for contribution can still be sustained under Rule 10b–5. We did not there decide the second question. It is clear to us, however, that should the Court of Appeals reverse our decision as to the availability of contribution under the federal securities laws, we would, in the exercise of our discretion, decline to retain jurisdiction over the ancillary state law contribution claims. In such circumstances, Danzansky Dickey's motion for certification would certainly meet the requirements that it involve a "controlling question of law" and that an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Should our decision as to the federal cause of action prove to be erroneous, and the third-party complaint be dismissed, trial of the action would be greatly simplified, and the matter more quickly resolved.

It is not so apparent, however, that there is "substantial ground for difference of opinion" as to the availability of contribution under the federal securities laws. As we have already indicated, it seems clear to us that the Court of Appeals will follow its own precedents in deciding the questions left open in *Texas Industries* and *Northwest Airlines*. Strong support for that belief is found in its recent opinion in *Sirota v. Solitron Devices, Inc.* (2d Cir., Feb. 19, 1982) 673 F.2d 566, CCH Fed.Sec.L.Rep. [current Binder] ¶ 98,468. However, Danzansky Dickey points out that neither party in the *Sirota* case invited the Court's attention to the possible impact of *Texas Industries* and *Northwest Airlines* upon the rule enunciated in *Globus, Inc. v. Law Research Service, Inc.* ("Globus") (S.D.N.Y.1970) 318 F.Supp. 955, *aff'd on opinion below* (2d Cir. 1970) 442 F.2d 1346, *cert. denied* (1971) 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254. The possibility remains, therefore, that the Court of Appeals might wish to reconsider *Globus* in the light of the new Supreme Court decisions.

Two things occur to us in this connection: (a) the Court of Appeals is in a much better

position than are we to determine its inclination in this regard; and (b) should that Court wish to reconsider *Globus*, the instant case presents an appealing vehicle for so doing. There are no complicated facts to consider; rather, an isolated question of law is clearly presented. Moreover, the case would be argued on both sides by extraordinarily competent attorneys.

We therefore grant Danzansky Dickey's motion to the extent of certifying for an interlocutory appeal the question whether, in light of the changed criteria established in *Texas Industries* and *Northwest Airlines*, a private right of action for contribution may still be implied under the federal securities laws.

SO ORDERED.