**Albert A. ROBIN, et al., Plaintiffs,**

v.

**DOCTORS OFFICENTERS CORPORATION, et al., Defendants.**

Nos. 84 C 10798, 85 C 08913.

United States District Court, N.D. Illinois, E.D.

Dec. 26, 1989.

### MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

In this securities fraud action, third-party defendant Steiner Diamond & Company, Inc. ("Steiner Diamond") moves the court to enter judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

#### I. Background

Plaintiffs purchased stock of Doctors Officenters Corporation ("DOC") in a public offering on December 7, 1983. Plaintiffs sued defendants DOC, the Flashner Medical Partnership, Bruce Flashner, Ronald van der Horst, Lawrence Levy, Sherry Dolce, David Turner and David Shevitz. A second lawsuit added the law firm of Katten Muchin & Zavis as a defendant (collectively "defendants"). In each suit, plaintiffs state identical claims of common law fraud and violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Section 10(b)") and Rule 10b–5.

Defendants filed third-party complaints against Steiner Diamond for contribution regarding both common law fraud and the Rule 10b–5 violation. Steiner Diamond previously moved to dismiss the third-party complaints under Fed.R.Civ.P. 12(b)(6). Steiner Diamond contended that under Illinois law, contribution is not available for

intentional torts and under federal law, contribution is not available under Section 10(b) or Rule 10b–5. Steiner Diamond's motion to dismiss defendants' contribution claim was denied on December 12, 1988.

Steiner Diamond now moves for judgment on the pleadings under Fed.R.Civ.P. 12(c). Steiner Diamond argues that the third-party complaint does not state a claim upon which relief can be granted. Under Fed.R.Civ.P. 12(h)(2), the defense of failure to state a claim on which relief can be granted may be raised in a motion for judgment on the pleadings. In this context, Fed.R.Civ.P. 12(c) merely serves as an auxiliary device for presenting a Fed.R. Civ.P. 12(b) motion after the close of the pleadings. Wright & Miller, Federal Practice and Procedure, Civil § 1367, p. 688 (1969). Steiner Diamond's motion will be treated as a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. As such, Steiner Diamond's motion may be viewed as a motion to reconsider the decision issued on December 12, 1988.

## II. Contribution Under Rule 10b–5

■ Contribution is a remedy that "distributes the amount of damage sustained by the victim of a tort among the tortfeasors by requiring each to contribute proportionately to the total damages assessed." *Heizer Corp. v. Ross*, 601 F.2d 330, 331 (7th Cir.1979). Steiner Diamond contends that contribution is not available under Rule 10b–5. The Supreme Court has implied a private right of action under Rule 10b–5. *See, e.g., Santa Fe v. Green*, 430 U.S. 462, 477, 97 S.Ct. 1292, 1303, 51 L.Ed.2d 480 (1977). The question remains whether that implied right of action includes contribution or a separate right of contribution must be implied.

In *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the Supreme Court specified a four-part test to determine whether a private right of action should be implied from a statute:

First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted" ... ? Second, is there any indi-

cation of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

The Supreme Court has given an increasingly restrictive reading to the *Cort* test. *Illinois Health Care Ass'n v. Suter*, 719 F.Supp. 1419, 1423 (N.D.Ill.1989).

Once a court has implied a private right of action, the court has broad "flexibility and discretion" in determining the remedies available under that cause of action. *King v. Gibbs*, 876 F.2d 1275, 1279 (7th Cir.1989) citing Schneider, *Implying Rights and Remedies Under the Federal Securities Laws*, 62 N.C.L.Rev. 853, 858–59 (1984). However, when the remedy creates independent substantive rights, the court must apply the same standard used to imply any other private right of action. *King* at 1280. In *King*, the court determined that a right to indemnification under Rule 10b–5 was a substantive right:

This broad "flexibility and discretion" assumes, though, that the remedy is simply implied and does not create any independent substantive rights. However, an implied right to indemnification would not simply be an adjunct to the § 10(b) and Rule 10b–5 cause of action but rather serve as a source of independent substantive rights. For example, implying a right to indemnification would necessarily expand the category of possible plaintiffs to include parties who neither purchased nor sold securities, a requirement of Rule 10b–5 actions. Also the implication of a right to indemnification, unlike the addition of a new remedy such as rescission or punitive damages, would give the court subject matter jurisdiction it would not otherwise have. Thus, because recognizing indemnification would give plaintiffs additional substantive rights, we believe the standard for creation of the cause of action should be the

same standard as that used to imply any other private right of action, not the flexible and discretionary standard used to imply new remedies. *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975).

*Id.* at 1280. Contribution, like indemnification, would create a new class of plaintiffs under Rule 10b–5. Like indemnification, a right to contribution would confer subject matter jurisdiction over a new class of cases. The *King* decision requires a court to apply the standard established in *Cort v. Ash* before implying a right to contribution.

However, in *Heizer Corp. v. Ross*, 601 F.2d 330, 334 (7th Cir.1979), the seventh circuit recognized a right to contribution under Rule 10b–5 without engaging in the *Cort* test. The court based its decision on broad policy considerations.

> The policy underlying the securities laws is reinforced by applying contribution. By apportioning the loss among joint wrong-doers the deterrent effect of the judgment is felt by all culpable parties and the protected investor class has available to it a broader source of reimbursement.

*Id.* at 332. In *Heizer*, the court concluded that indemnification was not available under Rule 10b–5 on the same broad policy grounds.

*King* affirmed the holding in *Heizer* that indemnification was not available under Rule 10b–5. However, the court expressly abjured the broad policy analysis in *Heizer*.

> To the extent this approach differ from the approach we took in *Heizer v. Ross*, 601 F.2d at 333 n. 6, where the issue was the implication of the right to contribution under § 10(b), we now disavow that analysis.

The *King* court noted that *Heizer* was decided before *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981) and *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 101 S.Ct.

1571, 67 L.Ed.2d 750 (1981) in which the Supreme Court applied the *Cort* standard "to the question of whether a right to contribution should be applied to two statutes that contained express causes of action." *King*, 876 F.2d at 1280 n. 8.

The *King* decision criticized but did not expressly overrule *Heizer*.[1] Since *King* disparaged the reasoning of *Heizer*, the holding in *Heizer* that contribution is available under Rule 10b–5 is now subject to reexamination. One other district court has reasoned that *King* annulled the reasoning in *Heizer*.

> Although the Seventh Circuit held in *Heizer*, 601 F.2d at 334, that contribution is available for Rule 10b–5 claims, the method of reasoning employed in *Heizer* was recently disavowed by the Seventh Circuit in *King*. A modified form of the four-part test set forth in [*Cort*] is the mode of analysis to employ.

*Eastern Holdings, Inc. v. Illinois Co. Investments*, No. 88 C 7108 (N.D.Ill. July 18, 1989) (Westlaw, 1989 WL 85027, *3).

Defendants do not cite a case in which the *Cort* test was applied to the question of contribution under Rule 10b–5. Other circuits have found a right to contribution based upon broad policy considerations. *See, e.g., Smith v. Mulvaney*, 827 F.2d 558, 560 (9th Cir.1987) (right to contribution is in accord with other circuits); *Huddleston v. Herman and MacLean*, 640 F.2d 534, 557–558 (5th Cir.1981) (citing *Heizer*). While the question of whether contribution may be implied under Rule 10b–5 has not been addressed, the analysis in *King* on the closely related question of the right to indemnification under Rule 10b–5 is controlling.

In *King*, the court described a restrictive application of the *Cort* test:

> In its recent pronouncements, the Court has reaffirmed the use of the *Cort* test but has also made it clear the principal focus is on the second of the *Cort* factors—whether the legislature intend-

---

**1.** Since *King* did not overrule *Heizer*, the appellate court was not required to submit the opinion to all the active judges of the court pursuant

to Rule 40(f) of the Rules of the United States Court of Appeals for the Seventh Circuit.

ed to create a private cause of action. *See Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568, 99 S.Ct. 2479, 2485, 61 L.Ed.2d 82 (1979). The first and third of the *Cort* factors are aids in determining that intent, *Touche Ross,* 442 U.S. at 575–76, 99 S.Ct. at 2488–89; *see also* P. Bator, D. Meltzer, P. Mishkin, D. Shapiro, *The Federal Courts and the Federal System* 946 (1988), and, by negative implication, it is unclear whether the fourth *Cort* factor—whether the cause of action is generally thought of as a matter of state concern—has any continuing significance. *But see Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 393, 102 S.Ct. 1825, 1847, 72 L.Ed.2d 182 (1982) (Court noted that fourth factor favored implying private right of action under a provision of the Commodities Exchange Act.). In sum, unless a congressional intent to create the right of action "can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." *Northwest Airlines, Inc. v. Transport Workers Union,* 451 U.S. 77, 94, 101 S.Ct. 1571, 1582, 67 L.Ed.2d 750 (1981).

*King,* 876 F.2d at 1280–81.

The first factor in the *Cort* test is whether the plaintiff is "one of the class for whose *especial* benefit the statute was enacted." The parties seeking contribution are the same parties who would seek indemnification. The *King* court concluded that "[t]here is no indication that the drafters of the statute or rule were at all concerned with those particular parties and certainly did not enact the statute for their 'especial benefit.'" *King,* 876 F.2d at 1281.

The foremost concern is the second *Cort* factor, whether any indication of legislative intent dictates implying a right to contribution. Since the private right of action under Rule 10b–5 was implied, it is not surprising that the legislative history is not instructive. *In re Olympic Brewing Co. Securities Litigation,* 674 F.Supp. 597, 616 (N.D.Ill.1987). Defendants argue that other provisions of the securities laws expressly permit contribution indicating that contribution should be implied under Rule 10b–5. In *Heizer,* the court observed that of the seven express civil remedies provided in the Securities Act of 1933 and the Securities Exchange Act of 1934, three of those provide expressly for contribution.[2] *Heizer,* 601 F.2d at 332. Since in more than half of the express remedies, Congress did not create a right of contribution, this factor is neutral.

In general, a right of contribution under federal law is not available unless expressly fashioned. *Rockwell Int'l Corp. v. IU Int'l Corp.,* 702 F.Supp. 1384, 1389 (N.D. Ill.1988). Ample authority suggests that a right of contribution would support the deterrent purpose of Rule 10b–5.[3] While equitable considerations may recommend a right of contribution under Rule 10b–5, policy analysis has no role in the implication of a right to contribution. *See, King,* 876 F.2d at 1283. Neither the legislative history nor the language of Section 10(b) and Rule 10b–5 supports an implied right of contribution.

Since the third-party plaintiff is not in the protected class and no legislative intent can be divined in favor of the right of contribution, no further analysis under *Cort* is required. *Id.* at 1281. No private cause of action for contribution may be implied under Rule 10b–5.

III. Contribution For Intentional Torts Under Illinois Law

■ Since this court's prior ruling denying dismissal, an Illinois Supreme Court decision has clearly stated that contribution

---

**2.** The provisions that expressly provide a right of action and a right of contribution are section 11(f), 15 U.S.C. § 77k(f) of the 1933 Act and sections 9(e) 15 U.S.C. §§ 78i(e) and section 18(b), 15 U.S.C. § 78r(b) of the 1934 Act.

**3.** This authority is summarized in *Olympic Brewing,* 674 F.Supp. at 614–616.

**126**

is not available for intentional torts. *Gerill Corp. v. Hargrove Builders*, 128 Ill.2d 179, 206, 131 Ill.Dec. 155, 167, 538 N.E.2d 530, 542 *cert. denied* — U.S. ——, 110 S.Ct. 243, 107 L.Ed.2d 193 (1989). Defendants do not dispute that *Gerill* precludes their third-party claim for contribution regarding common law fraud.

### IV. Conclusion

No right of contribution exists for violation of Section 10(b) and Rule 10b–5 or for common law fraud. Accordingly, judgment is entered for defendant Steiner Diamond and against third-party plaintiffs on the third-party complaint.