Joseph D. CHUTICH, Rochester Sand & Gravel, Inc. Pension Plan, Melvin R. Harris, James A. Sivinski, and Leonard Krivy, Plaintiffs,

v.

GREEN TREE ACCEPTANCE, INC., a Minnesota corporation; Lawrence M. Coss; John W. Brink; Robley D. Evans; Robert S. Nickoloff; Harold W. Greenwood, Jr.; and Richard G. Swanson, Defendants.

Harold W. GREENWOOD, Jr., Cross–Claimant and Third Party Plaintiff,

v.

GREEN TREE ACCEPTANCE, INC., a Minnesota corporation; Lawrence M. Coss; and Richard G. Swanson, Defendants on Cross–Claim,

and

Touche Ross & Co., Third Party Defendant.

No. 3–88 Civil 869.

United States District Court, D. Minnesota, Third Division.

April 3, 1991.

W. Joseph Bruckner, Opperman, Heins & Paquin, Minneapolis, Minn., for plaintiff.

Terrence J. Fleming, Lindquist & Vennum, Minneapolis, Minn., for third-party plaintiff Harold Greenwood.

Wendy J. Wilding, Faegre & Benson, Minneapolis, Minn., for cross-claim defendants Swanson and Coss.

Robert W. Woods, Briggs & Morgan, Minneapolis, Minn., for cross-claim defendant Green Tree Acceptance.

Lawrence M. Shapiro, Maslon, Edelman, Borman & Brand, Minneapolis, Minn., for third-party defendant Touche Ross & Co.

## MEMORANDUM

RENNER, District Judge.

Plaintiffs in this class action suit are persons who purchased stock in defendant Green Tree Acceptance, Inc. ("Greentree") during the period from May 20, 1985 through March 28, 1989. They assert that Green Tree and six of its present and/or former officers and/or directors made material misrepresentations and omissions in public statements and filings, resulting in an artifically inflated market price for Green Tree common stock. The second amended and supplemental complaint alleges violations of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder at 17 C.F.R. § 240.10b–5. Plaintiffs also allege control person liability pursuant to Section 20 of the Exchange Act, 15 U.S.C. § 78t. The individual defendants are Harold Greenwood, Chairman of Green Tree's Board of Directors; Lawrence M. Coss, President, CEO and a director of Green Tree; Richard G. Swanson, an attorney and outside member of Green Tree's Board of Directors; John W. Brink, Senior Vice President, Treasurer and Chief Financial Officer; Robley D. Evans, Vice President and Controller; and Robert S. Nickoloff, a director of Greentree.

On January 2, 1991, defendant Harold Greenwood filed a cross-claim against defendants Green Tree, Coss and Swanson and a third-party complaint against Touche Ross & Co. ("Touche Ross"), Green Tree's certified public accountant during the relevant period. Greenwood's pleading denies plaintiffs' allegations but seeks contribution should he be found liable.

■ Cross-claim and third-party defendants seek dismissal of Greenwood's claim on the grounds that a right to contribution does not exist with regard to liability under § 10(b) and Rule 10b–5. This Court has ruled to that effect in *Anderson, et al. v. Floresta Assoc. Limited Partnership*, Civil File No. 3–87–249 (D.Minn. Aug. 17, 1988). Recently, the Court again dismissed such contribution claims in *Svenningsen, et al. v. Piper, Jaffray & Hopwood, et al. v. Petro–Lewis Corp., et al.*, Civil File No. 3–85–921 (D.Minn. Feb. 13, 1991).

■ When ruling from the bench in *Anderson*, the Court applied the analysis set forth in two United States Supreme Court cases, *Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) and *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981). The Supreme Court characterized a right to contribution arising from a cause of action as a substantive right, *Texas,* 451 U.S. at 638, 101 S.Ct. at 2065, the creation of which rests with

the legislature and not the judiciary. *Northwest,* 451 U.S. at 94, 101 S.Ct. at 1582. Absent express creation of a right to contribution, an implied cause of action can exist if Congress' intent to create such "may fairly be inferred" from the statute. *Id.* at 90, 101 S.Ct. at 1580.

In *Northwest,* the Court declined to imply a right to contribution with regard to liability under either the Equal Pay Act, 29 U.S.C. § 206(d) or Title VII, 42 U.S.C. § 2000e *et seq. Id.* at 94–95, 101 S.Ct. at 1582–83. In coming to this conclusion, the Court described its task as one of statutory construction requiring a focus not only on the language of the statute, but also the "underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies." *Id.* at 91, 101 S.Ct. at 1580; *see also Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2087, 45 L.Ed.2d 26 (1975). The Court found that employers were not members of the class for whose benefit the Equal Pay Act and Title VII were enacted and concluded that "[t]he comprehensive character of the remedial scheme expressly fashioned by Congress strongly evidences an intent not to authorize additional remedies." *Id.* at 93–94, 101 S.Ct. at 1581–82. Also finding that the legislative history of the statute did not support a contribution remedy, the Court held that no right to contribution exists. *Id.* at 94–95, 101 S.Ct. at 1582–83.

In *Texas,* the Court applied a similar analysis to determine whether an implied right to contribution exists under the antitrust laws, specifically, the Sherman Act, 15 U.S.C. § 1 and the Clayton Act, 15 U.S.C. § 15. The Court answered in the negative, reasoning that defendant petitioner " 'is a member of the class whose activities Congress intended to regulate for the protection and benefit of an entirely distinct class,' [citation omitted]," that the ex-

istence of treble damages indicated no intent to "ameliorate the liability of wrongdoers," and that nothing in the legislative history indicated any concern "with softening the blow on joint wrongdoers in this setting." *Texas,* 451 U.S. at 639, 101 S.Ct. at 2066.[1]

In *Green v. United States Dep't of Labor,* 775 F.2d 964 (8th Cir.1985), the Eighth Circuit stated that *Northwest* and *Texas* "make it clear that a defendant held liable under a federal statute has no standing to sue others who have also violated the statute unless ... the federal statute expressly or implicitly provides for such an action." [2] *Id.* at 971. Judge Diana Murphy of this district interpreted *Green* as directing courts in the Eighth Circuit to use the analytical framework set forth in *Northwest* and *Texas* to determine whether contribution claims exist under particular federal statutes. *In re Professional Financial Management, Ltd.,* 683 F.Supp. 1283, 1285–86 (D.Minn.1988). Applying that analysis to § 10(b) of the Securities Act, she found that no right to contribution exists. *Id.* at 1286. Judge Murphy reasoned that Congress passed the securities laws to protect a class of persons entirely distinct from defendants seeking contribution for alleged violations of those laws, and that Congress' creation of express contribution rights under some sections of the securities laws suggests that its failure to create such rights for other sections was deliberate. *Id.* She also noted that the *scienter* requirement for liability under § 10(b) supports the conclusion that denial of contribution rights is not unfair. *Id.* at 1287.

This Court agreed with Judge Murphy's analysis and similarly ruled in *Anderson* and *Svenningsen* that no right to contribution exists. Judge David Doty has also followed this course in *Nelson v. Craig-*

---

1. In a footnote, the Court observed that Congress knows how to define a right to contribution as evidenced in certain provisions of the Securities Act of 1933 providing such a remedy. The Court noted that some courts have extrapolated an implied right to contribution for implied causes of action found in the securities laws, but commented "[w]e intimate no view as

to the correctness of these decisions." *Id.* at 640 n. 11, 101 S.Ct. at 2066 n. 11.

2. A contribution cause of action also could exist if Congress had empowered the federal courts to develop substantive law under the statute or if such a right were necessary to protect a uniquely federal interest. *Green,* 775 F.2d at 971. Neither of these conditions apply here.

*Hallum, Inc.,* [1989 Transfer Binder] Fed. Sec.L.Rep. (CCH) ¶ 94,500, 1989 WL 91131 (D.Minn.1989).

Greenwood asserts that other courts in this district have allowed a contribution right under § 10(b). However, neither of the cases cited by defendant provide any analysis to persuade the Court that its approach to the determination of contribution rights is incorrect. Defendant first cites *In re Endotronics,* 1988 WL 85896 (D.Minn. August 16, 1988), in which Judge James Rosenbaum observed that "[Peat Marwick] has a legitimate interest in having any liability imposed upon it fairly allocated among all those who may be responsible for damages caused to plaintiffs in the underlying lawsuit." *Id.* at 4. However, the context of this statement was the court's weighing of constitutional factors essential to jurisdiction, not a discussion of the legitimacy of contribution rights under § 10(b). *Id.* at 4. In addition, the claims brought against the third-party defendant included not only federal violations of § 10(b), but also a state claim of negligent misrepresentation for which contribution may lie.

Greenwood also argues that in *Midwest Federal Savings Association, F.A. v. Green Tree Acceptance, Inc., et al.,* Civ. 3-88-669 (D.Minn. July 23, 1990), Special Master Robert Bowen granted him leave to file contribution claims against third-party defendants and that Judge Magnuson affirmed the order even though defendant Coss had argued that such a claim did not exist. *Id.* at 3. The Court notes that neither the special master nor Judge Magnuson specifically discussed any of the issues germaine to a decision as to the existence of a right to contribution.

Citing *Harris v. Union Electric Co.,* 846 F.2d 482 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 3245, 106 L.Ed.2d 592 (1989), Greenwood argues that the Eighth Circuit has already permitted contribution. In *Harris,* the panel decided that the "one satisfaction rule" required reduction of a plaintiff's judgment by the amount received in settlement from one of several joint tortfeasors. *Id.* at 485. The Court does not find *Harris* determinative of the issue at hand. Permitting set-off of a set-tlement amount given by a defendant is a rule related to damages and does not constitute recognition of a substantive cause of action for contribution. *See Board of Educ. v. Zando, Martin & Milstead, Inc.,* 390 S.E.2d 796, 807 (W.Va.1990).

An impressive array of citations can be lined up to support the proposition that a right to contribution exists under § 10(b). *See e.g., Smith v. Mulvaney,* 827 F.2d 558, 560 (9th Cir.1987); *Sirota v. Solitron Devices, Inc.,* 673 F.2d 566, 578 (2d Cir.), *cert. denied,* 459 U.S. 838, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982). However, many of the cases cited in support of the existence of such a claim were decided prior to *Northwest* and *Texas* or rely on the prior cases without consideration of the analysis set forth in the subsequent Supreme Court cases. *See Smith,* 827 F.2d at 560; *Sirota,* 673 F.2d at 578; *Stowell v. Ted S. Finkel Invest. Services, Inc.,* 641 F.2d 323, 325 (5th Cir.1981); *Huddleston v. Herman & MacLean,* 640 F.2d 534, 558 n. 44 (5th Cir.1981); *Heizer Corp. v. Ross,* 601 F.2d 330, 332-33 (7th Cir.1979).

Furthermore, one of the often-cited cases is *Heizer,* a Seventh Circuit opinion decided prior to *Northwest* and *Texas.* In a much more recent opinion, *King v. Gibb,* 876 F.2d 1275 (7th Cir.1989), the Seventh Circuit applied the *Cort* factors as used in *Northwest* and *Texas* to decide that a right to indemnification did not arise from § 10(b). *King,* 876 F.2d at 1282. It disavowed the analysis it had used in *Heizer* to the extent it differed from that required by *Cort. Id.* at 1280. The Court held:

> Thus, because recognizing indemnification would give plaintiffs additional substantive rights, we believe the standard for creation of the cause of action should be the same standard as that used to imply any other private right of action, not the flexible and discretionary standard used to imply new remedies.

*King,* 876 F.2d at 1280. The issue of contribution was not before the *King* court, although at least one district court has interpreted *King* to require a re-analysis of whether contribution should exist pursuant to § 10(b). In *Robin v. Doctors Oficenters*

*Corp.*, 730 F.Supp. 122 (N.D.Ill.1989), District Court Judge Suzanne Conlon applied the *King* analysis and concluded that no right to contribution exists, *Heizer* notwithstanding. *Robin*, 730 F.Supp. at 124.

Defendant Greenwood argues that equitable policy considerations should inform a decision on whether contribution should be allowed. However, in *Texas*, the Supreme Court asserted that such policy arguments are only relevant if a prior question is answered affirmatively:

> The contentions advanced indicate how views diverge as to the "unfairness" of not providing contribution, the risks and tradeoffs perceived by decisionmakers in business, and the various patterns for contribution that could be devised. In this vigorous debate over the advantages and disadvantages of contribution and various contribution schemes, the parties, *amici*, and commentators have paid less attention to a very significant and perhaps dispositive threshold question: whether courts have the power to create such a cause of action absent legislation and, if so, whether that authority should be exercised in this context.

*Texas*, 451 U.S. at 638, 101 S.Ct. at 2065. The Court determined that courts do not have the power to create a contribution cause of action absent at least implied legislation to that end. *Id.* This decision places the policy arguments in the hands of Congress, not the courts.

Defendant Greenwood also argues that *Northwest* and *Texas* are not applicable to the decision at hand because the private cause of action under § 10(b) was implied, while *Northwest* and *Texas* involved contribution rights pursuant to an express, statutorily-created cause of action. He argues that if the judiciary has *implied* a cause of action from a statute, then the judiciary can also shape all the contours of that action based on its review of securities laws and applicable policy considerations. The Court disagrees for two reasons: first, it is one thing for the judiciary to determine parameters of an implied cause of action such as standing, *scienter* and causation; it is quite another to create a new and independent substantive right such as contribution. *See King*, 876 F.2d at 1280.

Second, whatever the precedent in other circuits, the Court thinks that Eighth Circuit precedent obligates district courts to follow *Northwest* and *Texas* in determining whether a right to contribution exists. In *Green*, the Eighth Circuit required a *Northwest* and *Texas* analysis in the case of "a defendant held liable under a federal statute." *Green*, 775 F.2d at 971. No distinction is made as to whether or not the original cause of action for which a defendant is held liable is express or implied.

Applying the analysis as required by *Green*, the Court comes to the conclusion that Congressional intent to create a right to contribution under § 10(b) cannot be implied. No argument has been presented that persuades the Court to find that the defendants in § 10(b) actions constitute persons Congress intended to comprehensively protect when it passed the securities laws. Furthermore, legislative history does not provide a basis on which to imply an intent to create contribution rights. The Court agrees with Judge Conlon of the Northern District of Illinois that the fact that Congress provided express rights to contribution for three out of the seven express remedies provided in the securities laws is not persuasive of intent with regard to § 10(b). *See Robin*, 730 F.Supp. at 124. Defendant contends that the standard for implication of contribution rights is such that no defendants would ever be considered part of a group Congress intended to protect by its legislation. The Court disagrees. If Congress had, for example, enacted express rights of contribution for *all* the express causes of action in the securities laws, a persuasive argument could be made that contribution should also exist for implied causes of action.

The temptation to substitute string citations for careful analysis should be avoided. The Supreme Court and the Eighth Circuit have provided clear directions that before allowing contribution rights to a defendant found liable under federal statutes, a court must find at least implied congressional intent to create such rights. The Court has applied the analysis required by *Northwest, Texas,* and *Green* and finds no such implied intent with regard to liabili-

ty under § 10(b). Defendant Harold Greenwood's cross-claim and third-party complaint seeking contribution from cross-claim defendants Green Tree, Coss and Swanson and third-party defendant Touche Ross are therefore dismissed.

This matter came before the undersigned on the motions of cross-claim defendants Green Tree Acceptance, Inc., Lawrence M. Coss and Richard G. Swanson, and third-party defendant Touche Ross & Co. to dismiss the cross-claim and third-party complaint filed against them by Harold W. Greenwood.

Based upon all of the files, records and proceedings herein, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED THAT:

1. The motions of cross-claim defendants Green Tree Acceptance, Inc., Lawrence M. Coss and Richard G. Swanson, and third-party defendant Touche Ross & Co. to dismiss are granted on the grounds that no cause of action for contribution exists pursuant to § 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder.

2. Greenwood's cross-claim and third-party complaint are hereby dismissed with prejudice and on the merits.

3. The Court hereby finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay and hereby expressly directs the entry of judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.