960 F.2d 721
 60 USLW 2646, Fed. Sec. L. Rep. P 96,583
 Joseph D. CHUTICH; Melvin R. Harris; James A. Sivinski;
Leonard Krivy; Rochester Sand & Gravel, Inc., Pension Plan;
Green Tree Acceptance, Inc., a Minnesota corporation;
Lawrence M. Coss; Richard G. Swanson, Appellees,
John W. Brink; Robley D. Evans; Robert S. Nickoloff;
Harold W. Greenwood, Jr., Appellant,
v.
TOUCHE ROSS & CO., Appellee.
 No. 91-1918.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 13, 1991.
Decided March 30, 1992.
 
 Michael D. Olafson, Minneapolis, Minn., argued (Terrance Fleming and Sally Whiteside, on the brief), for appellant.
 Wendy Wildung, Minneapolis, Minn., argued (Lawrence Brown and Michael Ponto, on the brief), for appellees.
 Lawrence Shapiro, Minneapolis, Minn., argued (Charles Quaintance, Jr. and Wayne Moskowitz on the brief), for appellee Touche Ross & Co.
 Before FAGG, Circuit Judge, TIMBERS,* Senior Circuit Judge, and MAGILL, Circuit Judge.
 FAGG, Circuit Judge.
 
 
 1
 Common stockholders brought this class action against Green Tree Acceptance, Inc. (Green Tree) and certain present and former directors and officers asserting violations of federal securities law, including section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988), and Rule 10b-5, 17 C.F.R. § 240.10b-5 (1991). Harold W. Greenwood, Jr., Green Tree's chairman of the board, brought a third-party complaint and cross-claim seeking contribution from Lawrence M. Coss, president of Green Tree, Richard G. Swanson, Green Tree's attorney, Touche Ross & Co., Green Tree's accountants, and Green Tree Acceptance (collectively the appellees). Holding there is no implied right of action for contribution under section 10(b) or Rule 10b-5, the district court dismissed Greenwood's third-party complaint and cross-claim with prejudice. Chutich v. Green Tree Acceptance, Inc., 759 F.Supp. 1403, 1408 (D.Minn.1991). Greenwood appeals and we affirm.
 
 
 2
 Beginning in 1946, federal district courts implied the private right of action for violations of section 10(b) and Rule 10b-5 in the absence of express statutory guidance by Congress. See Berger v. Bishop Inv. Corp., 695 F.2d 302, 305 (8th Cir.1982). The Supreme Court has approved of this implied right of action and has acknowledged the right is well established. See id.; Ernst & Ernst v. Hochfelder, 425 U.S. 185, 196, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976). After recognizing the implied right of action against violators of section 10(b) and Rule 10b-5, many federal courts also implied a right of action for contribution among violators based on general equitable principles, reasoning that because Congress expressly provided for contribution in certain sections of both the Securities Exchange Act of 1933, 15 U.S.C. §§ 77a-77aa (1988), and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a-7811 (1988), contribution should also be allowed when liability is based on an implied right of action. See, e.g., Huddleston v. Herman & MacLean, 640 F.2d 534, 556-59 (5th Cir.1981), modified on other grounds, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); Heizer Corp. v. Ross, 601 F.2d 330, 331-34 (7th Cir.1979); Globus, Inc. v. Law Research Serv., Inc., 318 F.Supp. 955, 958 (S.D.N.Y.1970), aff'd, 442 F.2d 1346 (2d Cir.), cert. denied, 404 U.S. 941, 92 S.Ct. 286, 30 L.Ed.2d 254 (1971); deHaas v. Empire Petroleum Co., 286 F.Supp. 809, 815-16 (D.Colo.1968), aff'd, 435 F.2d 1223 (10th Cir.1970). This case law has evolved without the courts addressing a significant threshold question: whether the courts have power to create a right of action for contribution absent legislation. Rather, the courts deciding these cases apparently presumed they were authorized to expand the federal courts' power and focused on whether the power should be exercised under the circumstances.
 
 
 3
 Despite the great weight of federal court authority recognizing an implied right to contribution under section 10(b) and Rule 10b-5, we believe two recent Supreme Court cases restrict the implication of contribution rights under the securities laws and dictate a different analysis and result. In these cases, the Supreme Court identified two ways a right of action for contribution may arise: (1) "through the affirmative creation of a right of action by Congress, either expressly or by clear implication"; or (2) "through the power of federal courts to fashion a federal common law of contribution." Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638, 101 S.Ct. 2061, 2065, 68 L.Ed.2d 500 (1981); Northwest Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77, 90, 101 S.Ct. 1571, 1580, 67 L.Ed.2d 750 (1981). Applying these principles, the Supreme Court concluded that federal courts lack a basis in federal statutory or common law to fashion a right of action for contribution under express remedial provisions in the Sherman and Clayton Acts, Texas Indus., 451 U.S. at 646, 101 S.Ct. at 2069, or the Equal Pay Act and Title VII, Northwest Airlines, 451 U.S. at 98, 101 S.Ct. at 1584. The Court did not address whether there is an implied right of action for contribution when the underlying liability is based on an implied right of action under the securities laws. Texas Indus., 451 U.S. at 640 n. 11, 101 S.Ct. at 2066 n. 11; Northwest Airlines, 451 U.S. at 91 n. 24, 101 S.Ct. at 1580 n. 24. That question is before us in this case.
 
 
 4
 Most of the decisions finding an implied right to contribution among violators of section 10(b) and Rule 10b-5 predate Texas Industries. Other decisions simply follow earlier precedent without considering Texas Industries at all. See, e.g., Smith v. Mulvaney, 827 F.2d 558, 560 (9th Cir.1987); Sirota v. Solitron Devices, Inc., 673 F.2d 566, 578 (2d Cir.), cert. denied, 459 U.S. 838, 103 S.Ct. 86, 74 L.Ed.2d 80 (1982). A few courts believe Texas Industries is distinguishable because the underlying liability was based on an express rather than an implied private right of action. E.g., Baker v. BP Am., Inc., 749 F.Supp. 840, 842-44 (N.D.Ohio 1990) (holding contribution available under section 10(b)). In contrast, other courts have followed the Texas Industries analysis to determine whether there is an implied right of action for contribution. See, e.g., In re Professional Fin. Management, Ltd., 683 F.Supp. 1283, 1285-87 (D.Minn.1988) (holding there is no right of action for contribution among violators of section 10(b) and Rule 10b-5); Robin v. Doctors Officenters Corp., 730 F.Supp. 122, 124-25 (N.D.Ill.1989) (same); see also Baker, Watts & Co. v. Miles & Stockbridge, 876 F.2d 1101, 1104-06 (4th Cir.1989) (en banc) (holding there is no right of action for indemnity or contribution among violators of section 12(2)); In re Olympia Brewing Co. Sec. Litig., 674 F.Supp. 597, 612-16 (N.D.Ill.1987) (recognizing lack of judicial power to imply right of action for indemnity under section 10(b) but implying right of action for contribution as precedent required). Significantly, after Texas Industries, the Seventh Circuit disavowed its analysis in the earlier leading case, Heizer, which held there is an implied right of action for contribution under section 10(b) and Rule 10b-5. King v. Gibbs, 876 F.2d 1275, 1280 n. 8 (7th Cir.1989) (holding there is no implied right of action for indemnification under section 10(b) and Rule 10b-5).
 
 
 5
 In our view, the analytical framework in Texas Industries applies to this case. Although the Supreme Court has acknowledged the private right of action under section 10(b) is "a judicial oak which has grown from little more than a legislative acorn," Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 737, 95 S.Ct. 1917, 1926, 44 L.Ed.2d 539 (1975), the Supreme Court has consistently attempted to follow congressional intent when defining the contours of section 10(b), see, e.g., Santa Fe Indus., Inc. v. Green, 430 U.S. 462, 479-80, 97 S.Ct. 1292, 1304-05, 51 L.Ed.2d 480 (1977) (examining statutory language and purpose behind 1934 Act to determine whether section 10(b) covers corporate mismanagement); Hochfelder, 425 U.S. at 197-211, 96 S.Ct. at 1382-89 (examining statutory language and legislative history to determine whether section 10(b) requires scienter). Moreover, the failure to follow Texas Industries in cases in which the underlying private right of action is implied rather than express would create a double standard for implying rights of action for contribution. Although courts would follow the Texas Industries analysis in cases involving express private rights of action, courts would be free to create new rights of action like contribution regardless of statutory or common law authority in cases in which the courts had initially implied the private right of action. As a matter of judicial restraint, we believe we should follow Texas Industries. Thus, we conclude federal courts are powerless to create a right of action for contribution among violators of section 10(b) and Rule 10b-5 without a statutory or federal common law basis. Texas Indus., 451 U.S. at 638, 101 S.Ct. at 2065; Northwest Airlines, 451 U.S. at 90, 101 S.Ct. at 1580.
 
 
 6
 After careful analysis, the district court concluded there is no basis for implying a right of action for contribution in the first way provided in Texas Industries--through Congressional intent. Chutich, 759 F.Supp. at 1406-08; see also In re Professional Fin. Management, 683 F.Supp. at 1285-87; Robin, 730 F.Supp. at 124-25. On appeal, Greenwood acknowledges that Congress did not imply a right of action for contribution among violators of section 10(b) and Rule 10b-5. Instead, Greenwood contends a right of action for contribution among violators of section 10(b) and Rule 10b-5 arises in the second way prescribed by Texas Industries--under federal common law. Greenwood asserts the courts have authority to formulate federal common law in the area of securities fraud because the courts created the private right of action for violations of section 10(b) and Rule 10b-5. We disagree.
 
 
 7
 Federal courts have authority to formulate federal common law in two narrow situations: when "a federal rule of decision is 'necessary to protect uniquely federal interests,' and [when] Congress has given the courts the power to develop substantive law." Texas Indus., 451 U.S. at 640, 101 S.Ct. at 2067 (citations omitted); see King, 876 F.2d at 1282. We do not believe federal courts have authority to fashion a federal common law rule of contribution among violators of section 10(b) or Rule 10b-5.
 
 
 8
 First, contribution among securities law violators does not involve "the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, [or] admiralty." Texas Indus., 451 U.S. at 641, 101 S.Ct. at 2067. Thus, "contribution does not implicate 'uniquely federal interests' of the kind that oblige courts to formulate federal common law." Id. at 642, 101 S.Ct. at 2068. Second, the Securities Exchange Act of 1934 contains no provision giving federal courts broad power to develop a federal common law of securities regulation. Baker, Watts & Co., 876 F.2d at 1106; see Texas Indus., 451 U.S. at 642-43, 101 S.Ct. at 2067-68. Because federal courts implied the private right of action for substantive violations of section 10(b) and Rule 10b-5, federal courts have discretion to award appropriate relief to plaintiffs pursuing that right of action. It does not follow, however, that federal courts have common law power to create a new right of action for contribution accruing to defendants. See Northwest Airlines, 451 U.S. at 97, 101 S.Ct. at 1583; Franklin v. Gwinnett County Pub. Sch., --- U.S. ----, ----, 112 S.Ct. 1028, 1037, 117 L.Ed.2d 208 (1992). Unlike the discretion to award appropriate relief, the authority to fashion a new cause of action for contribution expands the federal judicial power "into a sphere properly reserved to the Executive and Legislative Branches." Franklin, 112 S.Ct. at 1037; see Northwest Airlines, 451 U.S. at 97, 101 S.Ct. at 1583. Finding no Congressional authorization for the judicial creation of a federal common law of securities regulation, we conclude federal courts have no common law power to create a right of action for contribution among violators of section 10(b) and Rule 10b-5.
 
 
 9
 Because we lack federal common law power to create a right of action for contribution in this case, we do not reach Greenwood's policy arguments. Texas Indus., 451 U.S. at 638, 101 S.Ct. at 2065; King, 876 F.2d at 1283 & n. 13. Like the Supreme Court, we recognize policy "is a matter for Congress, not the courts, to resolve." Texas Indus., 451 U.S. at 646, 101 S.Ct. at 2070. Absent a right of action for contribution, we need not consider the appellees' additional argument that Greenwood failed properly to plead a cause of action for contribution.
 
 
 10
 We conclude the district court properly dismissed Greenwood's claim for contribution. Accordingly, we affirm.
 
 
 
 *
 The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation